UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PROGRESSIVE GULF INSURANCE COMPANY** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **THREE C'S PROPERTIES, INC. d/b/a C.F. TRUCKING** | **MAGISTRATE JUDGE** |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Progressive Gulf Insurance Company ("Progressive Gulf"), brings this complaint for declaratory judgment against Three C's Properties, Inc. d/b/a C.F. Trucking ("Three C's") pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

### PARTIES, JURISDICTION AND VENUE

1. Progressive Gulf Insurance Company is a corporation incorporated in and having its principal place of business in the state of Ohio.

2. Three C's Properties, Inc. is a corporation incorporated in and having its principal place of business in the state of Louisiana.

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(a)(1), (2), and (3).

## DISPUTE AT ISSUE

5. Defendant Three C's, a commercial trucking company, is a defendant in the class action lawsuit entitled *Michelle Marshall, et al. v. Air-Liquide – Big Three, Inc., et al.*, No. 2005-8706, now pending in Civil District Court for the Parish of Orleans, State of Louisiana.

6. The *Marshall* suit was filed June 28, 2005 and alleges that the *Marshall* plaintiffs were damaged by carbide lime dust emitted from the premises of Air Liquide in eastern New Orleans. Three C's was added as a defendant in the case on October 10, 2006. As to Three C's, the *Marshall* plaintiffs allege that Three C's was liable for (1) "[c]onducting, supervising, or allowing others to conduct operations at the site in a manner that resulted in the creation of dust containing calcium hydroxide and other harmful substances and its dispersal into the surrounding neighborhood"; (2) "[f]ailing to properly clean up or remediate the site to safely and effectively remove the harmful substances in and around the site"; (3) "[f]ailing to warn the [Marshall plaintiffs] that there were and are harmful substances on the site and that a risk of contamination to the [Marshall plaintiffs] and their properties was and is being caused by the operations to attempt to remove the substances"; and (4) "[p]ermitting the sludge ponds to become dried during removal operations so that calcium hydroxide dust and other harmful substances can and have become airborne and dispersed on the surrounding neighborhood." The original and amending petitions filed in *Marshall* are attached as Exhibits A and B respectively.

7. On February 4, 2010 – more than three years after Three Cs became a party to the *Marshall* case – Three C's filed a third-party demand. Three C's third-party demand sought defense and indemnity from nine insurance companies. Three C's alleged that it was an additional insured under various insurance policies issued to independent dump truck owner/operators that Three C's had paid to haul materials from the Air Liquide site. The third-party demand is attached as Exhibit C.

8. Among the dump truck owner/operators listed in Three C's third-party demand were Fird Grover and Morgan's Truck Service. Three C's mistakenly identified Progressive *Security* Insurance Company (a Louisiana corporation) as the insurer of Fird Grover and Morgan's Truck Service. In fact, Fird Grover and Morgan's Truck Service are insured by Progressive *Gulf* (a Mississippi corporation), plaintiff here. Copies of the applicable insurance policies issued to Fird Grover and Morgan's Truck Service are attached as Exhibits D and E respectively.

9. The policies issued by Progressive Gulf do not provide coverage to Three C's.

10. Three C's is not a named insured, additional insured or omnibus insured under the Progressive Gulf policies.

11. Even were Three C's an insured of any kind, the policies would be void due to late notice.

12. Further, even were Three C's an insured of any kind, the pollution exclusion contained in the policies bars coverage completely. Alternatively, coverage would be barred because any liability of Three C's does not result from the ownership, maintenance or use of an "auto" covered under the Progressive Gulf policies.

## DECLARATORY JUDGMENT

13. There exists an actual and justiciable controversy as to the duties, rights and obligations, if any, of Progressive Gulf with regard to Three C's demand that it be defended and indemnified in the *Marshall* case as an alleged additional insured under policies issued to Fird Grover and Morgan's Truck Service.

14. Progressive Gulf is entitled to a declaration by this Court that its policies provide no coverage to Three C's and that it has no obligation to defend or indemnify Three C's in the *Marshall* lawsuit.

Wherefore, Progressive Gulf Insurance Company requests entry of final judgment in its favor against defendant Three C's Properties, Inc. d/b/a C.F. Trucking, declaring that Progressive Gulf's policies provide no coverage to Three C's and that Progressive Gulf has no duty to defend or indemnify Three C's in the *Marshall* lawsuit.

Respectfully submitted,

*s/ Eric Michael Liddick*
MADELEINE FISCHER (5575)
JOSEPH J. LOWENTHAL JR. (8909)
ERIC MICHAEL LIDDICK (31237)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana   70170
Telephone:  (504) 582-8000 / Direct:  582-8208
Direct Facsimile:  (504) 589-8208
E-mail:  mfischer@joneswalker.com

*Attorneys for Progressive Gulf Insurance Company*