UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PROGRESSIVE GULF INSURANCE CO        CIVIL ACTION

VERSUS                                NO:10-1089

THREE C'S PROPERTIES INC.             SECTION: "J" (3)
D/B/A CF TRUCKING

**ORDER AND REASONS**

Before the Court is Defendant's **Motion to Dismiss or alternatively to Stay this Declaratory Judgment Action.** (Rec. D. 6). Upon review of the record, the memoranda of parties, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's **Motion to Dismiss or alternatively to Stay this Declaratory Judgment Action.** (Rec. D. 6) is **GRANTED.**

**FACTUAL AND PROCEDURAL BACKGROUND:**

This suit was filed on April 12, 2010, by Progressive Gulf Insurance against Defendant Three C's Property Inc (hereafter "Three C's") as a declaratory judgment. Progressive seeks a declaration that it is not liable to provide coverage to Three C's.

The declaratory action arises from a suit filed on June 28, 2005 in the Civil District Court for the Parish of Orleans for damages related to exposure to carbide lime dust emissions during the removal of carbide lime from an inactive acetylene manufacturing facility on Old Gentilly Road. Three C's was added as a named Defendant in that lawsuit on October 10, 2006 in its

capacity as the provider of dump trucks for the project.

On February 4, 2010, Three C's filed a third party demand demanding defense and indemnity from the liability insurers of the trucking companies Three C's contracted with to supply the trucks. These third party demands have been severed from the main case which is scheduled for trial on August 30, 2010.

Three C's third party demand named Progressive Security Insurance Company. It appears that the correct name of this insured is Progressive Gulf Insurance, the Plaintiff in the present case. Three C's did however, correctly identify Fird Grover and Morgan's Truck Service, companies insured by Progressive Gulf Insurance as two of the third party trucking companies against whose insurers it is bringing an action.

Defendant, Three C's, through its insurer Lincoln General Insurance Company (hereafter "Lincoln"), asked for leave to file a third party demand against Progressive Gulf Insurance on May 10th, 2010.

**DISCUSSION:**

Defendant argues that the Court should abstain from hearing this case because of the related case pending in the Civil District Court of Orleans Parish. Specifically, Defendant argues that the abstention will ensure sound judicial administration, conserve judicial resources, and avoid potential conflicts with

the state court.

Plaintiff argues that it is not a party to the underlying law suit since it is not named in Defendant's third party lawsuit.

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In <u>Wilton v. Seven Falls</u>, the Supreme Court made it clear that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'," the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 287-88 (1995). Even when a declaratory action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the action. <u>Sherwin-Williams Co. v. Holmes County</u>, 343 F.3d 383, 387 (5th Cir. 2003)(citing <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895 (5th Cir. 2000)).

Following Fifth Circuit precedent, this Court informs its discretion by considering seven nonexclusive factors. <u>St. Paul</u>

Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses,...6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy and, ...[7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* (quoting Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir. 1993))

"[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."

Southwind Aviation, Inc. v. Bergen Aviation, Inc., 32 F.3d 948, 950 (5th Cir. 1994). Thus, this factor has been considered "of paramount concern." Am. Fid. Ins. Co. v. Acadian Geophysical Serv., Inc., 1997 WL 786233, *2 (E.D. La. 1997). The sole issue before the Court is whether or not Progressive Gulf owes defense and indemnity for a suit pending in Civil District Court. This issue can be litigated in Defendant's third party demand in State Court. The pending State Court action weighs heavily in favor of abstention.

The Court finds that the remaining factors for consideration weigh in favor of abstention as well.

**Accordingly,**

**IT IS ORDERED** that Defendant's **Motion to Dismiss** (Rec. D. 6) is **GRANTED.**

New Orleans, Louisiana, this the 2nd day of June 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE